Michael C. Fallon, SBN 088313
Attorney at Law
100 E Street, Suite 219
Santa Rosa, California 95404
Telephone: (707) 546-6770
Facsimile: (707) 546-5775

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:                                          Case No. 10-10325

Wendell Franklin Nordby III                     Chapter 11

        Debtor.
_____/

**DISCLOSURE STATEMENT
IN SUPPORT OF DEBTOR'S PLAN OF REORGANIZATION
(February 1, 2010)**

**YOU ARE BEING SENT THIS DISCLOSURE STATEMENT BECAUSE YOU ARE A CREDITOR OF WENDELL FRANKLIN NORDBY, III. THIS DOCUMENT DESCRIBES A PLAN OF REORGANIZATION WHICH, WHEN CONFIRMED BY THE BANKRUPTCY COURT, WILL GOVERN HOW YOUR CLAIM WILL BE PAID. YOU ARE URGED TO REVIEW THE DISCLOSURE STATEMENT AND THE PLAN OF REORGANIZATION CAREFULLY BEFORE VOTING ON THE PLAN.**

DATED: February 1, 2010                    /s/ *Michael C. Fallon*

                                           _____
                                           Michael C. Fallon
                                           Attorney Wendell Franklin Nordby III

Disclosure Statement in Support
of Debtor's Plan of Reorganization

# I.

## Introduction

On January 30, 2010, Wendell Franklin Nordby III ("Nordby") filed a petition for reorganization under Chapter 11 of the United States Bankruptcy Code in the Northern District of California, Santa Rosa Division. This Disclosure Statement has been prepared by Nordby in connection with the Plan of Reorganization proposed by him to comply with the provisions of the Bankruptcy Code that require the submission of information necessary for creditors to arrive at an informed decision in exercising their rights to vote for acceptance or rejection of the Debtor's Plan of Reorganization.

### A. Repayment of Creditors/Treatment of Equity Holders

Wells Fargo Bank, the holder of the first and second deeds of trust on the debtor's principal residence, will be paid in full without modification of the obligations.

The obligation to Chase Manhattan Mortgage, the holder of the only lien on the debtor's Oregon property, will be reduced to the value of its collateral and paid over thirty years together with a market rate of interest.

The American Honda obligation will be paid in full over the life of the plan.

The Allowed Unsecured Claims will be paid $300,000 over six years, *a return of approximately 30% of the allowed claims*.  However, the actual return to the unsecured claimants may be reduced if the unliquidated claims of the personal guarantee and equitable indemnity claimants become allowed claims.

### B. Creditors Allowed to Vote: Deadline

Creditors who wish to vote on the Plan should review this Disclosure Statement and the Plan, complete the enclosed ballot and return it to the Law Offices of Michael C. Fallon, 100 E Street, Suite 219, Santa Rosa, California 95404, on or before the date set for the return of ballots as provided in the order approving this disclosure statement. Creditors who hold allowed claims are entitled to vote to accept or reject the Plan.  Ballots received by counsel after the date set forth above will not be counted in determining whether the Plan should be confirmed.  Even though a creditor may choose to not vote or may vote against the Plan, all creditors will be

bound by the terms of the Plan if the Plan is accepted by the requisite majority in each class of creditor and/or is confirmed by the Court. Creditors who fail to vote will not be counted in determining acceptance or rejection of the Plan. Allowance of a claim or interest for voting purposes does not necessarily mean the claim will be allowed or disallowed for purposes of distribution under the Plan. Any claim on which an objection has been or will be made will be allowed only for distribution after determination by the Court. Such determination may be made after the Plan is confirmed.

**C. Confirmation of the Chapter 11 Plan**

The Bankruptcy Court will hold a hearing in the courtroom of the Honorable Alan Jaroslovsky, United States Bankruptcy Judge, 99 South E Street, Santa Rosa, California to determine whether the Plan has been accepted by the requisite number of creditors and whether the other requirements for confirmation of the Plan have been satisfied. The date of the hearing is contained in the order approving this Disclosure Statement.

For the Plan to be deemed accepted by a class of creditors the Plan must be accepted by creditors that hold at least two-thirds in dollar amount and more than one half in total number of allowed claims within that class. For purposes of this calculation, only the claims of creditors actually voting on the Plan will be counted. Under certain circumstances described in 11 U.S.C. §1129(b), the Court may confirm a plan notwithstanding the rejection thereof by more than one third in amount or one half in number of creditors voting on the plan in any given class. The Plan Proponent intends to seek confirmation under 11 U.S.C. §1129(b) in the event any class of creditors rejects the Plan.

**D. Lack of Objection to the Disclosure Statement**

The lack of an objection to the Disclosure Statement by any creditor or equity holder does not, and will not, operate as a waiver of the creditor's right to raise any objections to confirmation of the Plan of Reorganization.

**E. Representations in the Disclosure Statement**

Nordby is not able to warrant or represent that the information contained in this Disclosure Statement is without error, although reasonable efforts have been made to insure that

Disclosure Statement in Support
of Debtor's Plan of Reorganization

the information contained herein is accurate, complete and free from error.

Except as otherwise noted all estimates and analysis with respect to Nordby's assets, claims against Nordby, property values, pending or anticipated litigation, are only Nordby's best estimates taken from Nordby's Schedule of Assets and Liabilities filed under penalty of perjury in this Chapter 11, and Nordby cannot warrant that actual values, results, and recoveries will, in fact, be consistent with this Disclosure Statement.

Any description of the terms of Nordby's Plan is a summary only, and you are cautioned to review the terms of the Plan for significant details.

## II.

### Background

Nordby, a minority owner of two general contracting companies and a minority owner of several development companies, has seen the value of his business interests drop precipitously over the past two years, in most instances by as much as seventy percent (70%), according to recent appraisals completed by the lenders on those developments who have placed demand on the participants, including Nordby, to participate in funding shortfalls.

Substantially all of Mr. Nordby's income is derived from salary received from his construction businesses, Signature Homes and Nordby Construction, that are both experiencing a downturn in business of over fifty percent (50%) from previous years, and the 12 months projections look even worse. As a result, Nordby has not drawn a salary for several months, and his compensation is expected to be considerably lower in the years to come from what he has received in the past.

With the decline in the value of the development projects and the elimination of his salary, Nordby was not able to pay the demand of Wells Fargo Bank. The chapter 11 was filed as the debtor was pressed by Wells Fargo Bank through litigation in Sonoma County to pay the demand.

//

//

//

Disclosure Statement in Support
of Debtor's Plan of Reorganization

# III

## Summary of Scheduled Assets and Liabilities

Assets

| Description and Location | Market Value |
|---|---:|
| Single family dwelling<br>151 Harris Hills Drive<br>Sebastopol, CA<br>4Bd/3.5Ba, 3,000 sqft | $900,000 |
| Single family dwelling<br>29153 Kerber Drive<br>Gold Beach, OR.<br>3Br/2.5Ba. 2,500 sqft | $300,000 |
| Cash on Hand | 1,000 |
| Checking, Savings Accounts | 10,703 |
| Personal Possessions | 14,400 |
| Life Insurance | 83,441 |
| Retirement Accounts | 223,152 |
| Geter, LLC | 0 |
| Windsor Mill Homes, LLC | 0 |
| Cedar Grove Homes, LLC | 0 |
| Town Center Partners, LLC | 0 |
| Rooty, LLC | 0 |
| NCCBG, LP | 0 |
| The Moore Building, LLC | 0 |
| Silverado Wine Growers, LLC | 20,000 |
| CDD, LLC | 0 |
| Nordby Construction Company | 0 |
| Nordby Development LLC | 0 |
| Nordby Signature Homes | 0 |
| WCBT Property Managament, LLC | 0 |
| NCCBG, LP | 0 |
| DDJ Residential Partners | 0 |
| DDB, LLC | 0 |
| NCC Reconstruction Services | 0 |
| Frees Investment, LLC | 0 |
| Windsor Mill Equities, LLC | 0 |
| The 2006 Nordby Construction Irrevocable Trust | 0 |
| Note Nordby Construction (Face Amount - $150,000) | 0 |
| Note Nordby Wine Caves (Face Amount - $563,000) | 100,000 |
| 2005 Acura RL (76,000 miles) | 12,000 |
| Total | $  1,664,702 |

//

//

//

Liabilities

| | |
|---|---|
| American Honda Financial | $ 8,501 |
| Chase Manhattan Mortgage (Gold Beach) | 370,322 |
| Wells Fargo Bank (Sebastopol) | 650,481 |
| Wells Fargo Bank (Sebastopol) | 50,000 |
| Equitable Indemnity Claimants | 0 |
| Personal Guarantee Claimants | 50,365,734 |
| General Unsecured Claimants | 1,086,000 |
| Total | $ 51,451,734 |

**IV**

**Classification of Claims and Interests**

The following is a designation of the classes of claims and the class of interests provided for in this Plan. Administrative claims, priority tax claims, and priority wages claims of the kinds specified in Bankruptcy Code § 507(a)(2) and §507(a)(8) respectively, have not been classified and are excluded from the following classes in accordance with the provisions of §1123(a)(1) of the Bankruptcy Code. A claim or interest shall be deemed classified in a different class to the extent that any remainder of the claim or interest qualifies within the description of such different class. A claim is in a particular class only to the extent that the claim is an Allowed Claim in that class.

Class 1 - American Honda Financial

Class 2- Chase Manhattan Mortgage

Class 3 - Wells Fargo Bank

Class 4 - Wells Fargo Bank

Class 5- Equitable Indemnity Claimants (Craig Nordby, Gail Gray Trust, Jeffry Locke, John Barella, North Bay Construction, Rosemarie Garlock, Wendell Nordby, Jr., William Garlock, Tom and Debbie Kader).

Class 6 - Personal Guarantee Claimants (Alta Pacific Bank, Bob Mount, Citicorp North America, Continental Casualty, Creekwood Capital, Cushman Rex Road Capital, First Community Bank, Luther Burbank Savings, O&R Partners, Sterling Bank, The Mechanics Bank, US Bank, Western Surety Company)

Class 7 - General Unsecured Claimants (Freemont Bank, Wells Fargo Bank)

Class 8 - Wendell Franklin Nordby III

Disclosure Statement in Support
of Debtor's Plan of Reorganization

**V**

**Treatment and Provision for Non-Classified Claims**

Each holder of an Allowed Claim of the kind specified in § 507(a)(1) and (a)(8) of the Bankruptcy Code, not otherwise separately classified herein, and the Office of the United States Trustee, shall receive on account of such claim cash equal to the allowed amount of such claim, unless such holder shall have agreed to a less favorable treatment. Payments on account of such a claim shall be distributed on the later of the following dates:

(1) The Effective Date; or

(2) As soon as practical after the order allowing the claim becomes a Final Order, if the claim is disputed or if applicable provisions of the Bankruptcy Code otherwise require Bankruptcy Court approval.

**VI**

**Summary and Implementation of the Plan**

Summary

The debtor will continue to pay Wells Fargo Bank, the holder of the first and second deeds of trust on his residence, without interruption or modification of the obligation.

The plan will modify the obligation to Chase Manhattan Mortgage, the holder of the only lien on the debtor's Oregon property, by reducing the obligation to Chase Manhattan to $300,000, the value of its collateral, and then paying the obligation together with fiver percent (5%) interest over a thirty year term.

American Honda Financial is to be paid eight thousand dollars ($8,000) with interest from April 1, 2010, on the unpaid principal at the rate of five percent (5%) per annum, payable in 60 installments of $152 beginning on May 1, 2010, and continuing monthly thereafter until the unpaid principal and interest are paid in full.

The Allowed Unsecured Claims will be paid $300,000 over seven years, a return of approximately 30% allowed claims. However, the actual return to the unsecured claimants may be reduced if the unliquidated claims of the personal guarantee and equitable indemnity claimants become allowed claims.

Disclosure Statement in Support
of Debtor's Plan of Reorganization

<u>Means of Funding</u>

The debtor expects to receive $11,200 per quarter from payments on the Nordby Wine Cave obligation. These payments, when received, will fund the payment to the Allowed Unsecured Claimants.

## VII

## Satisfaction of Claims and Interests

The Plan is intended to deal with all Claims against the Debtor of whatever character, whether or not contingent or liquidated, and whether or not allowed by the Court. However, only those Claims allowed will receive distributions under the Plan. All Creditors and other parties in interest who have or assert Claims in any Class shall, upon Confirmation of the Plan, be deemed to have acknowledged that their respective Claims are fully satisfied by the distribution provided herein, each of which Claims, whether known or unknown, scheduled or unscheduled, filed or unfiled, asserted or assertable, are declared and shall be, for all purposes, upon the entry of the Order Confirming Plan, satisfied in full. All Impaired Classes of Claims shall receive the distributions set forth in the Plan on account of, and in complete satisfaction of, all such Allowed Claims. Without limiting the foregoing, on the Effective Date, each Creditor shall be deemed to have waived, relinquished and released any and all of their rights, Claims, other than as provided for in the Plan.

## VIII

## Alternative to the Plan

To arrive at a judgment on whether or not to vote for or against the Plan proposed by the Nordby, a Creditor or other party in interest needs to have an understanding of the consequences of what would happen if the Case was converted to Chapter 7.

When a Chapter 11 is converted to Chapter 7 a trustee is appointed who is given the task of liquidating assets that will, net of costs of sale and net of liens, allow for a meaningful distribution to the unsecured creditors. Here, the most significant asset held by Nordby is the balance owed to him by Rick Shone, the current principal of Nordby Wine Caves, that has a principal balance of $563,000, secured by his shares in Nordby Wine Caves. The money to be

received in the future will be used to fund Nordby's plan. The difficulty is that today the back log of work for Nordby Wine Caves is now less than $300,000 which must improve if the plan is to be adequately funded. Without payment, the return to unsecured creditors will not be significant as the following analysis demonstrates.

| | Value | Debt/Exempt | Net |
|---|---|---|---|
| 151 Harris Hills Drive | $900,000 | | |
| Wells Fargo | | (650,481) | |
| Wells Fargo | | ( 50,000) | |
| Costs of Sale (8%) | | ( 72,000) | |
| Homestead Exemption | | (100,000) | $ 27,519 |
| | | | |
| 29153 Kerber Drive | $300,000 | | |
| Chase Manhattan | | (370,322) | 0 |
| Cash on Hand | | | 1,000 |
| Checking, Savings Accounts | | | 10,703 |
| Personal Possessions | 14,400 | | |
| Allowed Exemption | | 14,400 | 0 |
| Life Insurance | 83,441 | | |
| Allowed Exemption | | (10,775) | 72,666 |
| Retirement Accounts | 223,152 | | |
| Allowed Exemption | | (223,152) | 0 |
| Geter, LLC | | | 0 |
| Windsor Mill Homes, LLC | | | 0 |
| Cedar Grove Homes, LLC | | | 0 |
| Town Center Partners, LLC | | | 0 |
| Rooty, LLC | | | 0 |
| NCCBG, LP | | | 0 |
| The Moore Building, LLC | | | 0 |
| Silverado Wine Growers, LLC | | | 20,000 |
| CDD, LLC | | | 0 |
| Nordby Construction Company | | | 0 |
| Nordby Development LLC | | | 0 |
| Nordby Signature Homes | | | 0 |
| WCBT Property Managament, LLC | | | 0 |
| NCCBG, LP | | | 0 |
| DDJ Residential Partners | | | 0 |
| DDB, LLC | | | 0 |
| NCC Reconstruction Services | | | 0 |
| Frees Investment, LLC | | | 0 |
| Windsor Mill Equities, LLC | | | 0 |
| 2006 Nordby Irrevocable Trust | | | 0 |
| Note Nordby Construction | | | 0 |
| Note Nordby Wine Caves | | | 100,000 |
| 2005 Acura RL (76,000 miles) | 12,000 | | |
| American Honda | | (8,501) | |
| Allowed Exemption | | (2,550) | |
| Costs of Sale (10%) | | (1,200) | 0 |
| | | | |
| Total | | | $231,888 |

The projected $234,608 would be reduced by fees to the Chapter 7 Trustee, the Chapter 7 Trustee's counsel and accountant, that could reach $50,0000.

## I

## Executory Contracts

There are no Executory Contracts to either accept or reject.

## IX

## Tax Consequences

There should be no tax consequences to any class of creditors as a result of confirmation of the plan except those creditors who receive a distribution that may have previously written off the claim for tax purposes.  As to those creditors there may be a recognizable gain when the claim is paid.  Creditors are urged to consult with their own tax advisors.

## X

## 1111(b) Election

An undersecured creditor may elect to have its claim treated as fully secured under section 1111(b)(2), meaning that a creditor relinquishes the right to vote and to share in the distribution as an unsecured creditor.  However, a class of claims may not make such election if (I) the interest on account of such claim of the holder of such claim in such property is of inconsequential value or (ii) the holder of a claim has recourse against the debtor on account of such claim and such property is sold.

## XI

## Conclusion

Nordby has proposed a plan that will return more to all of the creditors, secured and unsecured alike, than they would receive if the case was converted to Chapter 7.  In the case of the creditors who are secured by real property, the creditors are receiving the present value of their claims paid out over a period of years.   If the plan is not confirmed the real property creditors can expect to lose an additional twenty percent or more from what is being offered by Nordby;  the unsecured creditors might get a return of 15-18% of their allowed claims.

Dated: February 1, 2010          /s/ Michael C. Fallon
_____
Michael C. Fallon
Attorney for Wendell Franklin Nordby III

Disclosure Statement in Support
of Debtor's Plan of Reorganization