Michael C. Fallon, SBN 088313
Attorney at Law
100 E Street, Suite 219
Santa Rosa, California 95404
Telephone: (707) 546-6770
Facsimile: (707) 546-5775

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

In Re:                                          Case No. 10-10325

Wendell Franklin Nordby III                     Chapter 11

      Debtor.
_____/

**DEBTOR'S PLAN OF REORGANIZATION**
**(February 1, 2010)**

      This Plan of Reorganization (hereinafter this "Plan") is proposed by Wendell Franklin Nordby III ("Nordby"). Through this Plan Nordby seeks to resolve and reorganize his financial affairs. Please refer to the accompanying Disclosure Statement for a discussion of the history, assets and liabilities, and for a summary and analysis of this Plan. All creditors are encouraged to consult the Disclosure Statement before voting to either accept or reject this Plan.

Dated: February 1, 2010                    /s/ *Michael C. Fallon*
                                                          Michael C. Fallon
                                                          Attorney for Nordby

# I
## Definitions

The following terms when used in this Plan shall, unless the context otherwise requires, have the following meaning:

"Administrative Expense" shall mean those expenses described in Section 503 of the Bankruptcy Code.

"Allowed Claim" shall mean a claim (a) for which a proof of claim was timely file with the Court, or (b) scheduled in a list of creditors, or amendment thereto, prepared and filed with the Court pursuant to Rule 1007 of the Bankruptcy Rules of Procedure and not listed as disputed, contingent or unliquidated, and in either case as to which no objection has been filed or the claim is allowed by Final Order or deemed allowed by this Plan.

"Allowed Priority Claim" shall mean an allowed claim for which the holder asserts and is determined to be entitled to priority under Section 507 of the Bankruptcy Code.

"Allowed Secured Claim" shall mean an allowed claim that is secured by a valid lien on property of the Debtor. That portion of such claim exceeding the value of security held therefore shall be an allowed unsecured claim except as modified by this Plan.

"Allowed Unsecured Claim" shall mean an allowed claim against the Debtor which is not an allowed priority claim or an allowed secured claim.

"Bankruptcy Code" shall mean Title 11 of the United States Code and shall also include Sections 157, 158, 1334, 1408-1412, and 1452 of Title 28 of the United States Code.

"Bankruptcy Court" shall mean the United States Bankruptcy Court for the Northern District of California, Santa Rosa Division, or other court or forum as may be vested with original jurisdiction to confirm plans of reorganization under Chapter 11 of the Bankruptcy Code and to adjudicate matters with respect to such plans.

"Bar Date" shall mean the date established by the Bankruptcy Court for all creditors to file a Proof of Claim.

"Claim or Claims" shall mean a right to payment from the Debtor, which is evidenced by a timely filed proof of claim or application for payment which is allowed by the Court, or if a

proof of claim is not filed, a right which otherwise appears in the applicable schedules of the Debtor and (1) is not listed as disputed, contingent or unliquidated, or (2) has been resolved by Final Order of the Court pursuant to the terms of the Plan.

"Confirmation" shall mean entry of an order by the Bankruptcy Court confirming this Plan.

"Debtor" or "Debtor-In-Possession" shall mean Wendell Franklin Nordby III.

"Effective Date" shall mean the date the Order Confirming Plan becomes a Final Order.

"Estate" shall mean all of the Debtor's now existing legal or equitable interests in any nonexempt tangible or intangible property, whether real or personal.

"Final Order" shall mean an order or judgment of a court of appropriate jurisdiction as to which (a) an appeal has affirmed the order, (b) an appeal of the order has been dismissed, (c) the time for appeal has expired and a notice of appeal has not been filed timely.

"Harris Hills Drive" shall mean the debtor's residence at 151 Harris Hills Drive, Sebastopol, California.

"Kerber Drive" shall mean 29153 Kerber Drive, Gold Beach, Oregon.

"Lien" shall mean any charge against or interest in property of the Estate to secure payment of a debt or performance of an obligation and includes, without limitation, any judicial lien, security interest, mortgage, deed of trust and statutory lien as defined in Section 101 of the Bankruptcy Code.

"Plan" shall mean the Plan of Reorganization in its present form, or as it may be amended, supplemented or modified.

## II

## Introduction

This Plan designates eight (8) classes of Claims, other than administrative fees and expenses, claims of governmental units and wage claims which are unclassified, and it specifies which of those classes are impaired by the Plan and which classes are not impaired. The Plan provides the means for its implementation by vesting the assets of the Estate in Nordby on the Effective Date and providing for the payment of claims as provided in the Plan. The manner,

amount, and timing of distributions to each creditor is determined by the provisions of the Plan. The provisions of the confirmed Plan bind the Debtor, and the creditors of the Debtor, whether or not they have accepted the Plan and whether or not they are impaired by the Plan. Distributions under the Plan are in exchange for, and in complete satisfaction of, existing Claims and will discharge and release all such Claims and Liens as against the Debtor, except as otherwise provided in the Plan. On and after the Effective Date, all holders of impaired Claims and Interests shall be precluded from asserting any Claim against the Debtor or his property based on any transaction or other activity of any kind that occurred prior to commencement of the case, except as otherwise provided for under this Plan.

## III

## Classification of Claims and Interests

The following is a designation of the classes of claims and the class of interests provided for in this Plan. Administrative claims, priority tax claims, and priority wages claims of the kinds specified in Bankruptcy Code § 507(a)(2) and §507(a)(8) respectively, have not been classified and are excluded from the following classes in accordance with the provisions of §1123(a)(1) of the Bankruptcy Code. A claim or interest shall be deemed classified in a different class to the extent that any remainder of the claim or interest qualifies within the description of such different class. A claim is in a particular class only to the extent that the claim is an Allowed Claim in that class.

Class 1 - American Honda Financial

Class 2- Chase Manhattan Mortgage

Class 3 - Wells Fargo Bank

Class 4 - Wells Fargo Bank

Class 5- Equitable Indemnity Claimants (Craig Nordby, Gail Gray Trust, Jeffry Locke, John Barella, North Bay Construction, Rosemarie Garlock, Wendell Nordby, Jr., William Garlock, Tom and Debbie Kader).

Class 6 - Personal Guarantee Claimants (Alta Pacific Bank, Bob Mount, Citicorp North America, Continental Casualty, Creekwood Capital, Cushman Rex Road Capital, First

3

Community Bank, Luther Burbank Savings, O&R Partners, Sterling Bank, The Mechanics Bank, US Bank, Western Surety Company)

Class 7 - General Unsecured Claimants (Freemont Bank, Wells Fargo Bank)

Class 8 - Wendell Franklin Nordby III

## IV

## Treatment and Provision for Non-Classified Claims

Each holder of an Allowed Claim of the kind specified in § 507(a)(1) and (a)(8) of the Bankruptcy Code, not otherwise separately classified herein, and the Office of the United States Trustee, shall receive on account of such claim cash equal to the allowed amount of such claim, unless such holder shall have agreed to a less favorable treatment. Payments on account of such a claim shall be distributed on the later of the following dates:

(1) The Effective Date; or

(2) As soon as practical after the order allowing the claim becomes a Final Order, if the claim is disputed or if applicable provisions of the Bankruptcy Code otherwise require Bankruptcy Court approval.

## V

## Treatment and Provision for Each Class of Claims

Each class of Claims or interests shall be dealt with in the manner set forth below.

**Unimpaired Classes**

Class 3 - Wells Fargo Bank. The Debtor shall continue to pay Wells Fargo without modification of either the promissory note or security agreement. Wells Fargo Bank shall retain its security interest in Harris Hills.

Class 4 - Wells Fargo Bank. The Debtors shall continue to pay Wells Fargo without modification of either the promissory note or security agreement. Wells Fargo Bank shall retain its security interest in Harris Hills.

Class 8: Wendell Franklin Nordby III shall retain his interest in all of the assets.

**Impaired Classes**

Class 1 - American Honda Financial shall be paid Eight Thousand Dollars ($8,000)

with interest from April 1, 2010, on the unpaid principal at the rate of five percent (5%) per annum, payable in 60 installments of $152 beginning on May 1, 2010, and continuing monthly thereafter until the unpaid principal and interest are paid in full. Interest shall be calculated on a 365 day year. Each payment shall be credited first on interest then due and the remainder on principal.

With exception of the modification of the payment terms, the terms, conditions and covenants of the Promissory Note and Security Agreement shall not be modified. American Honda shall retain their lien on the 2005 Acura until paid in full as provided in this Plan.

Class 2 - Chase Manhattan Mortgage. The Debtor shall make, execute and deliver to Chase Manhattan Mortgage an addendum to the Promissory Note and Security Agreement that shall provide:

> In installments as herein stated, for value received, Wendell Franklin Nordby III, promises to pay to Chase Manhattan Mortgage, or order, at a place that may be designated by Beneficiary, the sum of Three Hundred Thousand Dollars ($300,000) with interest on the unpaid principal at the rate of Three Percent (3%) per annum from April 1, 2010, payable in 480 installments of $1,073 beginning on May 1, 2010, and continuing monthly thereafter until April 30, 2050, at which time the unpaid principal and interest shall be due and payable. Interest shall be calculated on a 365 day year. Each payment shall be credited first on interest then due and the remainder on principal.

With exception of the modification of the payment terms, the terms, conditions and covenants of the Promissory Note and Security Agreement and the Deed of Trust shall not be modified. Chase Manhattan Mortgage shall retain its lien on Kerber Drive until paid in full as provided in this Plan and the addendum to the Promissory Note and Security Agreement.

Class 5 - Equitable Indemnity Claimants. The Equitable Indemnity Claimants shall be paid nothing. However, if the claim of an Equitable Indemnity Claimant becomes an Allowed Claim, that Equitable Indemnity Claimant shall move to Class 7, General Unsecured Claimants, and share pro rata in all distributions to the General Unsecured Claimants.

Class 6 - Personal Guarantee - Unliquidated. The Personal Guarantee - Unliquidated Claimants shall be paid nothing. However, if the claim of a Personal Guarantee - Unliquidated Claimant becomes an Allowed Claim, that Personal Guarantee - Unliquidated Claimant shall move to Class 7, General Unsecured Claimants, and share pro rata in all distributions to the

General Unsecured Claimants.

Class 7 - General Unsecured Claimants. The Unsecured Creditors will share pro tanto, after the payment of Claims of Administration, in $300,000 paid out over seven years. The debtor shall pay $11,200 per quarter to the Allowed Unsecured Claims commencing the first day of the first quarter following the payment of Allowed Claims of Administration, and continuing on the first day of each quarter thereafter until the Debtor has paid $268,800, in the aggregate, to the Allowed Claims of Administration and the Allowed Unsecured Claims.

## VI

## Implementation of the Plan

**A. Vesting.**

On the Effective Date all property of the Estate shall be transferred to, and shall vest in the Debtor subject to the interests evidenced by the Security Interest and Liens preserved under the Plan and the Security Interest and Liens provided in the Plan. After the Effective Date, the Debtor may use, lease, license, transfer, sell, refinance, encumber, hypothecate, or dispose of any property. As of the Effective Date, all property vested in the Debtor shall be free and clear of all Claims of creditors, except the obligations that are imposed or preserved by this Plan.

**B. Means of Funding the Plan**

The Debtor shall fund the plan from the $11,200 per quarter payments received from Richard Shone.

**C. Management.**

The Debtor will continue to manage his affairs.

**D. The Final Decree.**

The Debtor may apply for the entry of a Final Decree when she has substantially consummated this plan.

**E. The Chapter 11 Discharge.**

The Debtor may apply for the entry of his Chapter 11 Discharge following the occurrence of the following events:

1. The delivery of the Addendum to Promissory Note and Security Agreement to Chase

Case: 10-10325    Doc# 8    Filed: 02/01/10    Entered: 02/01/10 15:55:20    Page 7 of 9

6

1. Manhattan Mortgage.

2. The payment of all Claims of Administration and all Priority Claims;

3. The Allowed Unsecured Claims have been paid.

## VII

## Default

The Debtor shall pay each Allowed claim as provided by the Plan, and the failure of the Debtor to pay any particular Allowed Claim within the time, or in the manner or amount provided by the Plan shall constitute a default in performance of the Plan. If the default is not cured within ten days of such written notice of default, then the party giving the written notice may either (1) pursue its remedies under the laws of the State of California, or (2) file a motion in the Bankruptcy Court to convert the case to Chapter 7. In the event this Chapter 11 case is converted to Chapter 7 after confirmation of the Plan, all assets of the Debtor shall transfer to, and vest in the Chapter 7 bankruptcy estate on the date of conversion.

## VIII

## Reservation of Claims and Defenses

All claims and defenses, including objections to claims, that existed prior to confirmation, the Reserved Claims and Defenses are reserved in the Debtor. The Retained Claims and Defenses shall consist of any and all claims, interest, causes of action, defenses, counter claims, cross claims, third party claims, or rights of offset, recoupment, subrogation, or subordination held by the Debtor or the bankruptcy estate, including, but not limited to, any claims pursuant to Bankruptcy Code Sections 502, 544, 545, 547, 548, or 549, any avoiding powers arising under the Bankruptcy Code or other applicable law and any claims or causes of action. None of the Retained Claims or Defenses shall be barred or estopped because the Plan or the Disclosure Statement does not specifically identify or describe a Retained Claim or Defense or the person against whom a retained claim or defense may be asserted.

## IX

## Executory Contracts

There are no Executory Contracts to either assume or reject.

## X

## Retention and Jurisdiction By the Bankruptcy Court

The Bankruptcy Court shall retain jurisdiction for the following purposes:

1. The allowance or disallowance of Claims;

2. The rejection, pursuant to sections 365 and 1123 of the Bankruptcy Code, of executory contracts or unexpired teases in accordance with Article VI of the Plan;

3. Resolution of controversies or disputes regarding requests for payment of Administrative Claims, compensation of Professionals, or the costs and expenses allowed under the Plan;

4. The Resolution of controversies or disputes regarding the interpretation of any provision of the Plan;

5. The Implementation of the provisions of the Plan and the entry of orders in aid of confirmation or consummation of the Plan;

6. Modification of the Plan pursuant to section 1127 of the Bankruptcy Code;

7. Adjudication and determination of any fraudulent conveyance and preference claim under the Bankruptcy Code or under any other applicable law, including but not limited to claims under Bankruptcy Code sections 542, 543, 544, 545, 547, 548 or 549.

8. Adjudication of any causes of action belonging to the Estate or to the Committee to the extent permissible under sections 1334 and 157 of title 28 of the United States Code;

9. Entry of an order closing this Chapter 11 case and of a final decree herein; and

10. Any other matter necessary or appropriate for the completion or the implementation of this Plan or the foregoing items.

Dated: February 1, 2010            /s/ *Michael C. Fallon*

_____
Michael C. Fallon
Attorney for Nordby